# HABEAS CORPUS (C.A.B)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

**FILED**
12/08/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

**United States District Court**   District **Southern District of Indiana**

Name: Demario Banks    Prisoner No. 953294    Case No. ISF -25

25-cv-00/551    2:25-cv-621-JPH-MKK

Place of Confinement: Putnamville Correctional Facility

**RECEIVED**
12/09/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

Name of Petitioner: Demario Banks    Name of Respondent: T. Prejorius (Warden)
(Include name under which convicted)    (Authorized person having custody of petitioner)

V.

The Attorney General of the State of Indiana

## PETITION

1. Name and location of Prison Disciplinary Body, which determined guilt:

   Putnamville Correctional Facility   DHO (W Hilliard)

2. Date of Guilt determination:

   5/27/2025

3. Sanctions imposed:

   Written reprimand   45 days GTL loss
   180 days loss (GTC)
   1 Credit class demoted   180 days Disciplinary restrictive housing D/s time

4. Nature of rule infractions involved (all counts)

   A-111/113 Conspiracy/Attempting/Aiding or Abetting Trafficking

# HABEAS CORPUS (C.A.B)

5. What was your plea? (Check one)
   a. (a) Not guilty ☒
   b. (b) Guilty ☐

6. If you pleaded not guilty, what kind of disciplinary hearing did you have? (Check one)
   a. Screening Officer Hearing ☐
   b. (b) Full Hearing ☒

7. Did you testify at your disciplinary hearing?
   a. Yes ☒   No ☐

8. Did you appeal from the guilty determination and imposition of sanction(s)?
   a. Yes ☒   No ☐

9. If you did appeal, answer the following:

   a) Name and title of Reviewing Authority: _D. Patton  DWO_
      _Deputy Warden Operations_

   b) Result _Appeal Denied_

   c) Date of result _7/22/2025_

   d) Grounds raised

   1. Insufficient Evidence
   2. Place of Incident
   3. Disposition of Physical Evidence
   4. Notice of Confiscation
   5. Due Process

PLL FED CR 5 (REV. 4/4/2025) INS SL3-3

# HABEAS CORPUS (C.A.B)

e) If you sought further review of the decision on appeal by a higher Reviewing Authority, please answer the following:

1) Name and title of Higher Reviewing Authority: _Deborah Reasoner_
   _Appeal Review Officer_

2) Result _Appeal Denied_

3) Date of result _8/25/2025_

4) Grounds raised

   _Insufficient Evidence_
   _Place of Incident_
   _Disposition of physical Evidence_
   _Notice of Confiscation_
   _Due Process_

10. Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or federal?

    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:
    (1) Name of court

    (2) Nature of proceeding

# HABEAS CORPUS (C.A.B)

(3) Grounds raised

_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    **CAUTION:** In order to proceed in federal court, you must first exhaust all available administrative appellate remedies as to each ground on which you request relief from federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. It is suggested that you read *Marham v Clark*, 978 F.2d 993 (7th Cir. 1990) prior to filing this petition.

    a) GROUND ONE:

    Place of Incident: The report does not establish where the offence occurred. This violates IDoc Policy and Administrative Procedure 02-04-101

    SUPPORTING FACTS (state *briefly* without citing cases or law)

    The report of conduct is not in compliance with IDOC Policy and Administrative Procedure 02-04-101, pg 14 2 "REPORT OF CONDUCT (b) That states "It is very important that the report be written in plain language and clearly state the "WHERE" and how of THE FACTUAL EVENT. The reporting staff fails to mention in the report WHERE the alleged offense took place. This information has not been provided by the reporting staff, leaving the report without merit. The reporting staff do not establish where the offense occurred, the actual location. This violates the IDOC Policy and Administrative Procedure of 02-04-101.

    b) GROUND TWO:

    Disposition of physical evidence

# HABEAS CORPUS (C.A.B)

SUPPORTING FACTS (state *briefly* without citing cases or law)

The reporting Staff of the conduct report FAILS to State the Disposition of the alledged Evidence, in the Report of Conduct, as required by the Policy and Administrative Procedure 02-04-101, pg 14 2. REPORT OF CONDUCT, paragraph (c) That States A Description of any physical evidence "And THE DISPOSITION OF THE EVIDENCE." On the conduct report, in the lower section where there is a location that states: Disposition of PHYSICAL EVIDENCE, if Any, The Reporting Staff of the conduct wrts (Pictures of items attached) The test results that the reporting Staff base the report of conduct on "TEST PRESUMPTIVE POSITIVE FOR CONTROLLED SUBSTANCE" Were NOT ATTACHED. This is a procedural Error by the reporting staff and (SEE ATTACHED)

c) GROUND THREE:

Due Process

SUPPORTING FACTS (state *briefly* without citing cases or law)

The reporting Staff of the Conduct report is not in compliance with IDOC Policy and Administrative Procedure 02-04-101, pg 17 2 REPORT OF CONDUCT #13 States - Chemical Testing: If an item is confiscated that is believed to be a controlled Substance, "A PROPER CHAIN-OF-CUSTODY SHALL BE MAINTAINED." If it is determined by appropriate employees that a chemical test of substance "can and should" be performed, a chemical test shall be performed These results shall be maintained along with the Chain-of-custody. Copies of the form SHALL be PROVIDED to an Incarcerated Individual who is being (SEE ATTACHED)

(b) SUPPORTING FACTS GROUND TWO

and obscures the Chain of Custody of any alleged Evidence. This also violates IDOC Policy and Administrative Procedure 02-04-101 Pg 31 and 32, EVIDENCE (b) and (e) That states - When an Incarcerated Individual request, the Disciplinary Screening Officer shall determine whether such evidence exists and if available, provide the evidence to the Disciplinary Hearing Officer. Also states: Any evidence requested by Incarcerated Individual, either at the screening or during the disciplinary hearing, SHALL be addressed. Request for evidence SHALL not be Denied without a written explanation documented on Report of Disciplinary Hearing - Reason for Decision.

SUPPORTING FACTS GROUND THREE (C)

Charged in a disciplinary case with an offense related to the controlled substance. In the report of conduct the reporting staff states: broken confiscated from offender Banks tested presumptive positive for controlled substance, concluding that a test here at the facility had been performed prior to the report being written. The reporting staff and Investigators all FAILED to Document and Maintain a proper chain of custody of both the chemical test results, and the chain of custody form, which is a requirement of 02-04-101. This evidence of test results here at the facility and at Indiana State Lab were requested by offender Banks. This leaves the Report of conduct without credibility and/or merit as to what the alleged contraband actually was. The item could have been candy or sugar sold on commissary. This case may have reached the level of disciplinary codes (B-202 Possession or use of Controlled Substance or Controlled Substance Analog) or (B-215 Unauthorized Possession of Property), but not A-111 B-113 Conspiracy to Trafficking.

(d) GROUND FOUR: Notice of Confiscation

SUPPORTING FACTS

The reporting staff and Investigator both FAILED to complete A NOTICE OF CONFISCATED PROPERTY - 1st Requirement by 02-04-101. The failure to complete a notice of Confiscated Property form violates IDOC Policy and Administrative Procedure 02-04-101 pg. 15 XIV. SEIZURE OF PROPERTY: States- When any property or Contraband is seized, the offender SHALL be given written notice of the seizure. This form SHALL be completed fully, including the offender's signature. If the offender is unable or unwilling to sign the form a second staff member SHALL sign and document the unwillingness or inability to sign. This FAILURE to complete a notice of Confiscated Property leaves the report or conduct without verification of any Confiscated Property by the reporting staff or Investigator.

GROUND FIVE: Insufficient Evidence/Due Process

SUPPORTING FACTS:

DHB Hearing Officer M. Hilliard violated the due process rights of Banks and was not an impartial decision maker in the hearing process. During the hearing process, DHB Chairman M. Hilliard allowed and accepted an E-mail from Investigator Wells, as factual evidence in place of the actual evidence of the test results that were performed here at the facility before the conduct report was written. The Supre results that brought about the concluding fact that contraband was in fact a controlled substance. This e-mail/piece of paper is not factual evidence and should not have been considered by DHB Chairman M. Hilliard his decision for finding of guilt. DHB Chairman M. Hilliard do not address the actual test results that were conducted here at the facility, that was requested by Banks as evidence. The results from Indiana State Police Lab were not even considered, just that the results would take too long. DHB Chairman M. Hilliard violated Banks' Due Process and was partial to the reporting officer. The disciplinary hearing officers decision SHALL be based solely on information obtained during the hearing process. DHB Chairman's decision was not impartial and failed to recognize that there was NOT any Test Results from either ISP Lab or the Evidence that Banks requested that was said to have been performed here at facility level before issuing Conduct Report.

# HABEAS CORPUS (C.A.B)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them at the administrative level:

14. Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?

    Yes ☐     No ☒

15. Give the name, Title, and/or D.O.C. Numbers, if known, of each offender, of any staff or lay advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:

    a) At Disciplinary hearing:
       Robert Luther #978001 Lay Advocate

    b) At Institutional Level Appeal:
       Demario Banks #953794

    c) At I.D.O.C. Level Appeal:
       Demario Banks #953794

# HABEAS CORPUS (C.A.B)

**WHEREFORE**, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Petitioner

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on

DATE: November 24, 2025      _____
Signature of Petitioner

## CERTIFICATE OF SERVICE

I, Demarrio Banks, hereby certify that on this 24 day of November, 2025, I served a true and correct copy of the foregoing Petition under 28 USC § 2254 For Writ Of Habeas Corpus upon the Attorney General of Indiana, Indiana Government Center South, Fifth Floor, 302 W. Washington Street, Indianapolis, Indiana 46204; by ordinary, first class, postage prepaid, United States Mail.

_____
Signature of Petitioner

PLL FED CR 5 (REV. 4/4/2025) INS SL3-3